J-A05019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| TIMOTHY T. ROGERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WPBH, LLC, A PENNSYLVANIA | : | No. 944 WDA 2018 |
| LIMITED LIABILITY COMPANY, AND | : | |
| MICHAEL G. ZAMAGIAS INTERESTS | : | |
| LTD, A PENNSYLVANIA BUSINESS | : | |
| CORPORATION, T/D/B/A ZAMAGIAS | : | |
| PROPERTIES | : | |

Appeal from the Judgment Entered June 8, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-17-007343

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.: FILED MAY 13, 2019

Appellant, Timothy T. Rogers, appeals from the judgment entered on a nonjury verdict in favor of WPBH, LLC, a Pennsylvania Limited Liability Company, and Michael G. Zamagias Interests LTD, a Pennsylvania Business Corporation, T/D/B/A Zamagias Properties (collectively "Appellees"). We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

On May 12, 2017, [Appellant], filed a Complaint in Civil Action against [Appellees]. ...

In Count 1 of the Complaint, [Appellant], owner of the property located at 10 Oak Way, Pittsburgh, PA 15228, asserts

that he acquired by adverse possession a portion of adjacent property located at what was formerly known as 448 Washington Road, Pittsburgh PA 15228. The property allegedly acquired is an asymmetrical parking pad (the "parking pad") situated on the property on 448 Washington Road, and measures [16 feet, 5 inches x 8 feet x 23 feet, 4 inches x 28 feet, 2 inches].

In December 1992, [Appellant] purchased the 10 Oak Way property and resided at the duplex situated thereon for twenty-two (22) years from the spring of 1993 until March of 2015. [Appellant] claims he regularly used the parking pad during that period. [Appellant] removed debris and shoveled snow from the parking pad during the winter and permitted his contractors to use it temporarily when work was being done on the 10 Oak Way property and has prevented other people from using the parking pad. N.T, 3/6/18 at 17-18, 28, 31, 41, 55, 75-76, 81, 98. [Appellant] never cordoned off the parking pad by installing a chain or fence, nor did he install a "No Parking" sign. N.T. at 57-58.

Following his move on March 2015, [Appellant] continued to park his vehicle on the parking pad at 448 Washington Road on roughly a weekly basis. During this time, [Appellant] also maintained a parking lease at a nearby municipal lot ("the Mount Lebanon Parking Authority lot") from 1993 until its closure years later.

[Appellees] purchased the property located at 448 Washington Road on April 12, 2012. [Appellees] argue that [Appellant] has failed to present sufficient evidence to establish a claim of adverse possession with regard to the parking pad. …

In Count II of the Complaint, [Appellant] asserts a private nuisance claim over [Appellees'] plan to build an access road over the parking pad and approximately 30 inches away from [Appellant's] duplex at 10 Oak Way. [Appellant] alleges that the proposed access road and any construction or development activity occurring therefrom would constitute a nuisance or otherwise infringe on [Appellant's] rights.

Trial Court Opinion, 9/13/18, at 3-4.

A nonjury trial was held on March 6, 2018, and both parties filed post-trial briefs on March 20, 2018. On April 4, 2018, the trial court entered its verdict in favor of Appellees. Nonjury Verdict, 4/4/18. The trial court found that Appellant failed to establish his right to ownership of the parking pad through adverse possession. Trial Court Opinion, 9/13/18, at 5. Additionally, the trial court concluded that Appellant's claim of a private nuisance did not warrant injunctive relief because it was speculative, as Appellees had not constructed an access road. Id.

Appellant filed a timely post-trial motion that was denied on June 6, 2018. Appellees filed a praecipe for entry of judgment on the nonjury verdict, and judgment was entered on June 8, 2018. This timely appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for this Court's consideration:

> 1. The [c]ourt erred in its determination that the use of the property as an exclusive parking pad by [Appellant] for a period in excess of twenty-one (21) years failed to meet the requirement of adverse possession as its use constituted the type of possession which would be characteristic [of] an owner's use of this type of property.
>
> 2. The court erred in allowing the testimony of Nessa Mines over the objection of [Appellant's] counsel as Counsel for [Appellees'] questions were leading and assumed facts contrary to the evidence.

Appellant's Brief at 4-5.

Our standard of review over a nonjury verdict is well settled:

- 3 -

[our review] is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

Moreover, the trial court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

Showalter v. Pantaleo, 9 A.3d 233, 235 (Pa. Super. 2010) (internal citations omitted).

The elements required to establish adverse possession are set forth as follows:

Adverse possession is an extraordinary doctrine which permits one to achieve ownership of another's property by operation of law. Accordingly, the grant of this extraordinary privilege should be based upon clear evidence. [See] Edmondson v. Dolinich, 307 Pa.Super. 335, 453 A.2d 611, 614 (Pa. Super. 1982) ("It is a serious matter indeed to take away another's property. That is why the law imposes such strict requirements of proof on one who claims title by adverse possession.")[.]  One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years.  Each of these elements must exist; otherwise, the possession will not confer title.

Showalter, 9 A.3d at 235 (some citations omitted).

- 4 -

Appellant's first issue presents a vague challenge to the trial court's conclusion relative to adverse possession. Appellant merely asserts that the trial court erred; however, Appellant does not state with specificity any error the trial court allegedly made regarding the elements of adverse possession. Appellant's Pa.R.A.P. 1925(b) Statement, 7/23/18; Appellant's Brief at 4. Although we agree with the trial court's characterization of Appellant's first issue as "confusing and overbroad,"[1] we decline to find waiver. See In re A.B., 63 A.3d 345, 350 (Pa. Super. 2013) (stating that this Court may find waiver where a concise statement is too vague).

Due to the nebulous structure of Appellant's statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), the trial court addressed Appellant's first issue, in relevant part, as follows:

> [Appellant's first issue] is confusing and overbroad. Pa. R.A.P 1925(4)(ii) provides that the Appellant must provide the concise and specific errors complained of on appeal "with sufficient detail to identify all important issues for the judge" or otherwise risk waiver. Id. Overbroad language is permitted, if Appellant could not readily discern the basis for the judge's decision. Pa.R.A.P. 1925(4)(vi). However, the "appellant should preface the Statement with an explanation as to why the Statement has identified the errors in only general terms." Id. See also, 16A Standard Pennsylvania Practice 2d § 87:4 (2018[)].
>
> In its' [sic] first assignment of error, [Appellant] has failed to provide a clear and specific error for this [c]ourt to respond. Rather, it has complained generally that this [c]ourt erred in its' [sic] determination on adverse possession and in denying [Appellant's] claim for injunctive relief.[1] …

_____

[1] Trial Court Opinion, 9/13/18, at 6.

¹ Appellant seems to be arguing that this [c]ourt did not find adverse possession due to finding that [Appellant's] use did not amount to that of a typical owner. However, Appellant should have specified why this is an error and how [Appellant's] use is characteristic of a typical owner. For example, Appellant's Error No. 1 could have read as follows: "The court erred in its determination that [Appellant's] use of the parking pad did not amount to a typical owner's use since [Appellant] regularly parked on the pad for over 21-years, shoveled the driveway, and generally excluded others. These actions amount to continuous and exclusive possession which would characterize a typical owner's use of a parking pad."

\*  \*  \*

The evidence presented at trial indicated that [Appellant] maintained a parking lease at a nearby lot from 1993 until the lot's closure years later. N.T. at 62: 16-25. At trial, [Appellant] failed to provide a meaningful answer as to why he maintained a municipal parking lease if he was concurrently parking on the parking pad. This lack of explanation logically led this [c]ourt to infer that at a minimum, [Appellant] did not exclusively park on the parking pad while the municipal lot was open. Furthermore, eye-witness testimony at trial was damning to [Appellant's] assertion that he continuously parked on the parking pad, as the given testimonies exhibited a lack of [Appellant's] presence on the parking pad for months, if not years at a time.²

² N.T. at 79:11-18 (Witness, Sarah [Ishmael], a former tenant at 10 Oak Way, testified that [Appellant] utilized the parking pad and instructed others not to park there but Ms. [Ismael's] knowledge is limited to 2000-2003); NT. at 87:9-19 (Witness, Youngson Rogers, [Appellant's] wife, has limited knowledge of relevant events. Between 2010 and 2012, Mrs. Rogers was present at 10 Oak Way only three times.); N.T. 92:17-25, 93: 1-11, 94: 9-11 (Witness Nessa Mines testified she saw the concrete pad twice a week during the entire 21 year period and never witnessed a car parked thereon.); N.T at 115: 22-25 (Witness David Martins, Zamagias President,

- 6 -

never observed [Appellant's] car after the purchase of
448 Washington Rd.)

Here, [Appellant] failed to present clear and convincing
evidence proving actual, continuous and exclusive possession of
the parking pad for over 21-years. As such, this [c]ourt denied
[Appellant's] claim for adverse possession.

Trial Court Opinion, 9/13/18, at 6-7.

As noted above, we must accept the trial court's findings with respect to the credibility of witnesses unless those findings are not supported by the record. Showalter, 9 A.3d at 235. The testimony deemed credible by the trial court refuted Appellant's claim of adverse possession. Despite Appellant's averment that he continuously used the parking pad for over twenty-one years, the testimony established, at best, Appellant's sporadic use of the parking pad beginning in 1998 and ending in 2015. Intermittent use of the parking pad for seventeen years does not satisfy the requirements for adverse possession. Id.

Sarah Ishmael was able to testify only as to what she saw between 2000 and 2003. N.T., 3/6/18, at 82-83. Moreover, although Appellant's wife, Youngson Rogers, lived at the 10 Oak Way property from 2012 through 2015, she was present at the property only three times between 2010 and 2012. Id. at 87. William Bannow testified that when he became involved with development of the property adjacent to the parking pad, 448 Washington Road, in 1998, Appellant parked on the parking pad, but Mr. Bannow understood that the parking pad belonged to Appellees' predecessor in

ownership, Mines Partners. N.T., 3/6/18, at 75-78. Mr. Bannow had no knowledge of Appellant using the parking pad prior to 1998. Id. at 78.

After review, we agree with the trial court's conclusion that Appellant failed to prove the elements of actual, continuous, and exclusive possession of the parking pad for a twenty-one year period. Trial Court Opinion, 9/13/18, at 7. Pursuant to our standard of review, we discern no error of law or abuse of discretion in the trial court's conclusion that Appellant failed to meet his burden of establishing adverse possession.

In his second issue, Appellant asserts that the trial court erred in allowing the testimony of Nessa Mines. Appellant's Brief at 30. Appellant alleges that Appellees' counsel's questions were leading and assumed facts contrary to the evidence. Id.

Our standard of review of a trial court's evidentiary ruling is as follows:

> When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of the law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

Gregury v. Greguras, 196 A.3d 619, 633 (Pa. Super. 2018).

"Leading questions should not be used on direct or redirect examination except as necessary to develop the witness's testimony." Pa.R.E. 611(c).

Moreover, "[t]he allowance of leading questions lies within the discretion of the trial court and a court's tolerance or intolerance of leading questions will not be reversed absent an abuse of discretion." Katz v. St. Mary Hospital, 816 A.2d 1125, 1128 (Pa. Super. 2003).

The notes of testimony reveal that on direct examination, Ms. Mines testified that she drove past the property adjoining the parking pad on a regular basis. N.T., 3/6/18, at 94. However, she also said that she could not see the parking pad unless she stopped her vehicle and exited her car. Id. Counsel for Appellees then engaged in the following line of questions:

> Q. And during your drive-bys past 448 Washington, did you ever see the parking pad in use?
>
> MR. DORNISH: Objection, Your Honor. It calls for evidence that goes beyond the scope of her testimony. She has already testified that she could only see the car if she got out of her car, not when she was driving by, and now he has asked her a leading question.
>
> THE COURT: Yes, he is. I am going to allow it. I will take your objection as to the weight, if anything.
>
> MR. O'KEEFE: And, Your Honor, I believe that the prior testimony was seeing the pad, not that the car was parked on the pad. There is a difference.
>
> THE COURT: I will take the objection as to the weight, if any, I give to the testimony.
>
> Q. And again, just to recap the question, during the drive-bys past 448 Washington did you ever see the parking pad being used?
>
> A. No.
>
> Q. Do you recall ever seeing a car parked on the parking pad?
>
> A. No.

Q. Do you recall ever specifically seeing Mr. Rogers using the parking pad in any way?

A. No, but see, I didn't, know him anyway, so I wouldn't know if it was he, but I didn't see anybody.

Q. Do you recall seeing an individual, a male individual, using the parking pad in any way?

A. No.

Q. And would your answer be the same to that question for the 1990s, the 2000s and 2010?

A. It would be the same, yeah.

N.T., 3/16/18, at 96-97.

In response to Appellant's counsel's objection, Appellees' counsel averred that Ms. Mines testified only that she could not see the parking pad itself when she drove past; however, counsel argued that such testimony was not the same as being unable to see a car parked on the parking pad. N.T., 3/16/18, at 96. Appellees' counsel asserted that there is a distinction in those two statements. Id. On cross-examination, Appellant's counsel did not endeavor to clarify this distinction.

In its opinion, the trial court explained that Ms. Mines was ninety years old at the time she testified, and it allowed the testimony because the issue went to the weight of the evidence. Trial Court Opinion, 9/13/18, at 8. The trial court noted that when the trial court sits as the finder of fact, "the weight to be assigned the testimony of the witnesses is within the exclusive province of the trial court, as are credibility determinations, and the court is free to

choose to believe all, part, or none of the evidence presented." Id. (citing True Railroad Associates, LP v. Ames True Temper, Inc., 152 A.3d 324 (Pa. Super. 2016) (additional citation omitted)).

After review, we conclude that the trial court was within its discretion in allowing the leading questions and enabling Appellees' counsel to develop Ms. Mines's testimony. Katz, 816 A.2d at 1128; Pa.R.E. 611(c). The trial court considered the aforementioned exchange relative to the weight of Ms. Mines's testimony only. Trial Court Opinion, 9/13/18, at 9. Based on the record before us, we cannot conclude that the trial court abused its discretion.

Nevertheless, were we to determine that the trial court abused its discretion in allowing Ms. Mines's testimony, we would conclude that any error was harmless. See Renninger v. A & R Machine Shop, 163 A.3d 988, 999 (Pa. Super. 2017) (stating that an evidentiary ruling that did not affect the verdict will not provide a basis for disturbing the fact-finder's decision). Appellant bore the burden of proof in this matter. Showalter, 9 A.3d at 235. As discussed in our disposition of Appellant's first issue, Appellant and Appellant's witnesses failed to establish the elements of adverse possession. Accordingly, even if the testimony of Ms. Mines was excluded in its entirety, it would not have impacted the verdict in this matter.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment entered on June 8, 2018.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/13/2019